UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACITON NO. 01-10037-GAO

ROBERT F. SMITH, TRUSTEE
OF R & M REALTY TRUST,
Plaintiff,

v.

TOWN OF PLYMPTON ZONING BOARD OF APPEALS,
STEPHEN MATTERN, EDWARD MURRAY,
WILLIAM McCLELLAN, TOWN OF PLYMPTON BUILDING
DEPARTMENT and FREDERICK SVENSON,
Defendants.

ORDER
March 19, 2012

O'TOOLE, D.J.

Rocky Harvest, LLC, has filed a paper entitled "Motion to Compel Town of Plympton's Compliance with Court Order Approving Agreement for Judgment and/or To Show Cause Why It Should Not Be Held in Civil Contempt."

The motion is irregular in that neither Rocky Harvest nor the Town of Plympton as a municipality is or has been a party to this action. The plaintiff in this action was the trustee of the R & M Realty Trust and the defendants were various Plympton officials having responsibilities under the Town's zoning by-law, namely, the members of the Town's Zoning Board of Appeals and the Building Inspector. The original controversy arose out of a dispute the Trust, as owner of land in Plympton, had with the Town's zoning authorities over whether the Trust's proposed withdrawal of water from the land for sale as drinking water was a permitted use in a district zoned for agricultural uses. No

other Town officials, specifically including the Boards of Selectmen and Assessors, were parties to the suit.

Rocky Harvest claims the right to seek to enforce the judgment as a "successor in interest" to the Trust. Even if that were so, its right to enforce the judgment against non-parties would be problematic. But there is also reason to demur as to whether Rocky Harvest is a successor to the Trust in the necessary sense. After this case had concluded, Rocky Harvest purchased a small portion of the Trust's large parcel of land that was owned by the Trust when the judgment was entered. That portion Rocky Harvest acquired was the portion where the water was being withdrawn. Whether the purchase of land is enough to make Rocky Harvest a "successor in interest" for purposes of enforcing the judgment is an interesting question, one that would have to be answered favorably to Rocky Harvest before a motion such as the one now attempted could properly be addressed. The question is complicated by the additional consideration that the Trust's rights under the judgment may have been altered by a settlement in a case before the state Appellate Tax Board ("ATB"). If Rocky Harvest is a "successor" to the Trust under the judgment, it may also be by the same lights a successor to it under the ATB settlement.

Underlying Rocky Harvest's motion is a grievance about the municipal tax assessed on its land. While the parties to this action in settling the case addressed that issue in their agreement for judgment that became the order entered to conclude the case, it was the propriety of the zoning decisions by Town officials that formed the subject matter of the complaint. The federal claims had been that the zoning decisions deprived the Trust of procedural due process and constituted an unconstitutional taking without just compensation. (The state law claims were brought under the Massachusetts zoning

enabling act.) The classification of the land for tax purposes may have been part of the mosaic, but it was not the central legal basis for the suit.

Finally, it may be observed that, even if Rocky Harvest were entitled to enforce the judgment, the language of the order is, with respect to the present controversy, ambiguous. One very plausible, and perhaps even likely, interpretation, favorable to the Town, is that the agreed-to tax classification was meant to be given with respect to the 225 acre parcel as a unit, so that the undisputed agricultural use of most of the land could be seen to override the arguably non-agricultural use of withdrawing water for sale that was limited to only a minor portion of the tract. Once the smaller water withdrawal site was separated from the rest of the agricultural land, the reason for the guarantee could easily be thought no longer to exist.

Massachusetts provides an avenue for review of taxing decisions by municipalities. Rocky Harvest should avail itself of that procedure.

The motion to compel (dkt. no. 54) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge